J-S99001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONTE ROLLINS | : | |
| | : | |
| Appellant | : | No. 3499 EDA 2016 |

Appeal from the PCRA Order November 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0511332-2006

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

JUDGMENT ORDER PER CURIAM:  **FILED DECEMBER 20, 2016**

Appellant, Donte Rollins, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following trial, a jury convicted Appellant in 2007 of, *inter alia*, attempted murder with serious bodily injury; the court sentenced him to 62½ to 125 years' incarceration.  In February 2013, Appellant timely filed his first PCRA petition,[1] alleging, *inter alia*, ineffective assistance of trial counsel for failing to present or investigate alibi evidence, including witness

---

[1] The Pennsylvania Supreme Court denied allowance of appeal on December 5, 2011.  Therefore, Appellant's judgment of sentence became final on or about March 5, 2012, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court.  **See** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition).

testimony, video footage of what appears to be Appellant several miles away from the shooting, sales receipts potentially placing him far away from the shooting, and cell phone records indicating multiple calls on his phone at the time of the shooting. After extensive and cooperative joint review, the Commonwealth and the defense agreed in April 2016, that Appellant was entitled to a new trial and the return to his pre-trial bail status of house arrest pending the new trial.[2] Appellant and the Commonwealth also stipulated that trial counsel would testify he had done no work on the case and that further live witness PCRA testimony was unnecessary. Notwithstanding the agreement and stipulations, the PCRA court inexplicably ordered further hearings and called for testimony from the trial prosecutor, the detective, and trial counsel, although neither the prosecutor nor the detective could offer any input on the ineffective assistance of counsel claim and the parties had stipulated to trial counsel's testimony. The PCRA court thereafter entered multiple continuances, despite Appellant's objections and the Commonwealth's agreement to forego further PCRA proceedings in favor of a new trial.[3] On October 24, 2016, the court heard testimony from the

---

[2] Appellant and the Commonwealth agree the Commonwealth does not submit to a finding of "actual-innocence," but it does endorse a new trial based on the ineffective assistance of trial counsel.

[3] In understated terms, the reasons for continuances are befuddling and unacceptable. In June 2016, the court not only refused to make a record of the stipulations at the scheduled hearing but also continued the case to hear
*(Footnote Continued Next Page)*

prosecutor and detective, who offered no relevant information pertaining to Appellant's claim of ineffectiveness of trial counsel. The court ordered post-hearing briefing, which Appellant filed the same day; and the Commonwealth indicated it would not file a response. On November 14, 2016, the PCRA court denied the petition without any findings of facts or reasons, despite Appellant's requests. This timely appeal followed the same day. Appellant also filed an application for summary relief or, in the alternative, to expedite his appeal, along with the Commonwealth's express agreement to the application.

Initially, we conclude that briefs for this appeal are unnecessary, in light of Appellant's extensive application and the Commonwealth's steadfast agreement with Appellant's positions. Upon thorough review of Appellant's application and the certified record, we also conclude summary relief is warranted.[4] The parties' agreement is consistent, and we see no

_(Footnote Continued)_ _____

from trial counsel, even though Appellant had secured trial counsel's presence for the June hearing. In the more egregious instances, the PCRA court scheduled a hearing for late September 2016, but when the parties appeared at the hearing, they learned the PCRA judge was on vacation. When the parties tried to schedule an immediate hearing upon the judge's return, they learned in the courtroom, without notice, that the judge had extended his vacation. When the parties again tried to schedule an immediate hearing, they were informed that the judge had directed staff not to schedule a date earlier than October 24, 2016, approximately six months after the parties had first agreed to a new trial.

[4] Rule 1532(b) and Rule 123 permit the filing of an application for special and summary relief, if the right of the applicant thereto is clear. ***See***
_(Footnote Continued Next Page)_

- 3 -

justification in the certified record for the PCRA court's multiple delays in the proceedings, arbitrary demand for testimony unrelated to Appellant's ineffectiveness of trial counsel claims, or unexplained denial of the agreed-upon relief requested. Appellant's right to relief is clear. Accordingly, we grant his application for summary relief/expedited appeal and reverse the PCRA order denying a new trial. The PCRA court is hereby directed to enter an order vacating Appellant's judgment of sentence **immediately, and no later than 12:00 noon on Wednesday, December 21, 2016.** The PCRA court is further ordered to expedite immediate Appellant's release **at the same time** to his pre-trial bail status of house arrest.

Order reversed; case remanded with directions for immediate relief. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2016

---

*(Footnote Continued)*

Pa.R.A.P. 1532, 123. A mutually agreed-upon application for summary relief, like the one before us today, submitted while a valid appeal is pending within this Court's proper jurisdiction, falls under the aegis of these rules, because the right of the applicant is clear and "no material issues of fact are in dispute." ***See Pennsylvania Medical Soc. v. Dep't of Public Welfare of Com.***, 614 Pa. 574, 589, 39 A.3d 267, 277 (2012).